GRANT BILHIMER, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, May 17, 1909.

1. STREET RAILROADS: Collision: Negligence: Evidence. Evidence relating to a street car running into a wagon crossing the track is held sufficient to send the question of negligence of the motorman to the jury.

2. ———: ———: ———: Instruction. Instructions reviewed and held to submit the case fairly to the jury, notwithstanding the odd wording of one of them.

3. ———: ———: ———: Evidence: Opinion. Certain evidence is held to be more than a mere expression of opinion since it is accompanied by the details of the damage.

4. ———: ———: Use of Streets. Owners of vehicles have the right to the use of the street, including railroad tracks thereon, when it becomes necessary to cross them.

Appeal from Jackson Circuit Court.—*Hon. Henry L. McCune*, Judge.

AFFIRMED.

*John H. Lucas* and *Ben F. White* for appellant.

(1) It was error to permit witness Smith, for plaintiff, to say that the wagon was damaged $25. This is not the way to prove damages. Spencer v. Railroad, 120 Mo. 154; Hurt v. Railroad, 94 Mo. 255; Belch v. Railroad, 18 Mo. App. 80; White v. Stoner, 18 Mo. App. 540. (2) The court erred in overruling the demurrer to the evidence offered at the close of the testimony.

The evidence showed that: (a) plaintiff was guilty of such contributory negligence as to bar his recovery, in that he drove on the track in front of a car which was so close to him that according to his own statement it was "suicidal" to do so, when he could have seen the car by simply looking, while in a place of safety. (b) He depended on the ringing of the bell, in place of looking. (c) When his horse's head went on the track the Schwab v. Railroad, 113 S. W. 1163; Grout v. Railroad, 125 Mo. App. 539. (3) Plaintiff's instructions are erroneous. Our instruction properly declared the law. Hutchinson v. Railroad, 548; Moody v. Railroad, 68 Mo. 470; Rine v. Railroad, 88 Mo. 392; Mc-Manamee v. Railroad, 135 Mo. 440.

*Milton J. Oldham* and *Jesse E. James* for respondent.

(1) Testimony as to the amount of damages to a wagon is properly admitted after the witness has shown himself to be fully acquainted with all the facts bearing on that question. Sallee v. City, 152 Mo. 615; Railroad v. Calkins, 90 Mo. 543; Railroad v. De'Lissa, 103 Mo. 130; Owen v. Railroad, 109 Mo. App. 608. (2) The demurrer was properly overruled. Before the court can declare, as a matter of law, that a person was guilty of contributory negligence in attempting to drive across a car track, the evidence must be substantially all one way, and not such that reasonable minds might differ with respect thereto. MacKowick v. Railroad, 196 Mo. 550; Campbell v. Railroad, 175 Mo. 161; Weller v. Railroad, 164 Mo. 180; Walker v. Railroad, 106 Mo. App. 321; Lamb v. Railroad, 147 Mo. 171. (3) The common law, independent of ordinance requires the motorman to keep a "vigilant watchout" for persons or vehicles on or approaching the track. Deschiner v. Railroad, 200 Mo. 329; Sluder v. Transit Co., 189 Mo. 107. (4) When a person is in such a position or place that he cannot see a car approaching, it is the duty of the motor-

man to ring the bell, and failure to ring the bell under such condition is negligence. Murray v. Transit Co., 176 Mo. 189. (5) Respondent cannot complain of a conflict in instructions when it was not entitled to the instruction given in its behalf. Edmonston v. Jones, 96 Mo. App. 92; Roe v. Bank, 167 Mo. 406; Summers v. Insurance Co., 90 Mo. App. 691. (6) If respondent relied upon hearing the motorman's bell, and did not look for the approaching car, it was a question for the jury to say whether he was guilty of negligence or not. Winn v. Railroad, 121 Mo. App. 629.

ELLISON, J.—Defendant's street car collided with plaintiff's one-horse wagon on one of the streets in Kansas City. Plaintiff charged the collision to have come about through the negligence of defendant's servants in operating the car, and brought this action for damages before a justice of the peace. On appeal to the circuit court he recovered judgment.

It appears that plaintiff left his horse and wagon standing facing east near the south curb of Twelfth street and went into a place of business, came out with the proprietor and talked with him a moment. When plaintiff came out he observed the car about forty feet west, stopped at a street crossing, and as he was about to get in his wagon, which had a top over the seat with small glass lookouts on the sides, he observed the car had not started up. He got in, turned his horse out over the track to turn around or cross over to the north side and before he got across, the car, which had started up, struck his wheel, demolishing the wagon and injuring the horse. There was evidence tending to show that the bell was not rung. In short there was ample evidence from which the jury could infer negligence on the part of the motorman. The act of the plaintiff in turning across the track with his covered vehicle was in his plain view. He evidently thought plaintiff would clear the track and therefore failed to sound warning.

We do not discover any substantial fault with the instructions. Number one for the plaintiff was somewhat oddly worded, but it laid down the rule of ordinary care to keep a lookout. The kind of watch to be kept was merely an adjective thrown in, but not misunderstood, since the care to be used was ordinary care. Especially is this true when considered with instructions Nos. 2 and 3 for plaintiff, as well as many of those given for the defendant.

Ten instructions were given for the defendant, in which every possible phase of the defense was presented. All views of contributory negligence on plaintiff's part were fully set forth and no room was left for misunderstanding on the part of the jury.

Nor do we think there was any substantial error in what is termed the expression of opinion as to the damage done to the property. The evidence was not a mere expression of opinion. Detail of damage was given including the different parts of the wagon and the witness was speaking of what the Supreme Court, in a case also involving a wagon, called a mere commonplace subject within the knowledge of any one handling that character of property. [Sallee v. St. Louis, 152 Mo. 615.]

We think the verdict not excessive. The figures shown and footed by defendant omit some items on which there was evidence.

Defendant in construing the objections made to the judgment has omitted from consideration the necessary right to the use of the streets, including its tracks when it becomes necessary to cross them, which individuals have in driving vehicles over them. The effect of the argument advanced by defendant, if carried out to its logical result, would practically destroy expeditious use by the public.

In our opinion the judgment should be affirmed. All concur.